**CUTOLO BARROS LLC**
46-50 Throckmorton Street
Freehold, New Jersey 07728
Phone: (732) 414-1170
Fax: (732) 414 1167
Gregg S. Sodini, Esq. (1766)
GSodini@cutolobarros.com
*Attorneys for Defendants James McGibney a/k/a Instagram Account @ bullyville and X Account @realbullyville*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATRICK TRAINOR; LAW OFFICE OF PATRICK TRAINOR, ESQ., LLC,<br><br>Plaintiffs,<br><br>-vs.-<br><br>JAMES MCGIBNEY a/k/a INSTAGRAM ACCOUNT @ BULLYVILLE and X ACCOUNT @REALBULLYVILLE,<br><br>Defendants. | CIVIL ACTION NO. 2:24-cv-08873<br>(CCC)(MAH)<br><br>**MOTION DAY:  October 21, 2024**<br><br>**ORAL ARGUMENT REQUESTED** |

---

### BRIEF OF DEFENDANTS JAMES MCGIBNEY A/K/A INSTAGRAM ACCOUNT @ BULLYVILLE AND X ACCOUNT @REALBULLYVILLE IN SUPPORT OF MOTION TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION

---

**TABLE OF CONTENTS**

                                **Page**

TABLE OF CONTENTS................................................................................................i

TABLE OF AUTHORITIES .........................................................................................i

PRELIMINARY STATEMENT ..................................................................................1

STATEMENT OF FACTS ............................................................................................2

LEGAL ARGUMENT...................................................................................................3

   POINT I:

   THE COURT DOES NOT HAVE PERSONAL JURISDICTION
   OVER ANY OF THE MCGIBNEY PARTIES……...……………………………...3

   POINT II:

   THE ALLEGATIONS OF THE COMPLAINT LACK REEQUIRED
   SPECIFICTY TO STATE A CLAIM…………...…………………………………….4

CONCLUSION ..............................................................................................................6

**TABLE OF AUTHORITIES**

**CASES**                                     **PAGE**

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)…….………………………………………...4-5

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)……………………………………...4

*Daimler AG v. Bauman,* 571 U.S. 117 (2014)…………………………………………...3

*Lebel v. Everglades Marina, Inc.,* 115 N.J. 317 (1989)……………………………….4

*Shaffer v. Heitner,* 433 U.S. 186, 204, 97 S. Ct. 2569 2579,
53 L. Ed. 2d 683, 698 (1977).11…………………………………………………………..4

*Spool v.World Child Int'l Adoption Agency*, 520 F.3d 178 (2d. Cir. 2008)..……………..5

*Starr v. Sony BMG Music Entm't*, 592 F.3d 314 (2d Cir. 2010)…………...……………..5

i

**PRELIMINARY STATEMENT**

This matter arises out of alleged statements and conduct of the McGibney Parties which took place completely outside of the State of New Jersey in connection with a litigation matter pending in the United States District Court for the Middle District of Florida, Fort Meyers, Division captioned *Couture, et al v. Noshirvan, et al*, Case NO 2:23-cv-00340-SPC-KCD (the "Florida Action"). In fact, as set forth in the Complaint, the **only** connection that exists to the State of New Jersey is that Plaintiffs Patrick Trainor, Esq. and his law firm, Office of Patrick Trainor, Esq., LLC (collectively "Plaintiffs" for the "Trainor Parties") represented the Plaintiff in the Florida Action. *See* Complaint at ¶9. As for the McGibney Parties, the Trainor Parties are well aware that the McGibney Parties are admittedly **all** located in the State of Texas and any alleged statements by them **all** emanated from the State of Texas, and, if published, were published solely in the Florida Action or posted on passive media outlets housed outside of the State of New Jersey regarding disputed activity in the Florida Action. *See* Complaint at ¶¶3, 10, 11, 13, 14, 19, 21, 24-71.

While an argument could be made that personal jurisdiction over the McGibney Parties with respect to the events underlying this matter may exist in the State of Florida as a result of their participation in the Florida Action to some extent, as demonstrated below, no plausible argument for personal jurisdiction over the McGibney Parties in the State of New Jersey can be made. Specifically, there has been no actions of the McGibney Parties purposefully availing themselves of the jurisdiction of the State of New Jersey such that no minimum contacts with the State of New Jersey consistent with due process exists. Rather, the only "connection" of the State of New Jersey to the events underlying this matter is that the Trainor Parties -- who went to Florida to represent a party in a case and initiated discovery demands against persons in other

States with no connection to New Jersey -- happen to be "residents" of the State of New Jersey. The suggestion that the unilateral actions of a New Jersey resident in injecting themselves into the affairs of non-residents of the State of New Jersey and seeking discovery against them in connection with a case pending in the State of Florida somehow confers personal jurisdiction over these non-residents in the State of New Jersey would virtually eliminate due process protections afforded non-residents to not be subjected to personal jurisdiction in State to which they have no connection.

In the end, this matter should be seen for what it really is: A vexatious SLAPP ("Strategic Lawsuit Against Public Participation") action to take "revenge" upon the McGibney Parties for resisting disclosure of what they regard as confidential information sought in the Florida Action. Honestly, if the Trainor Parties have issues with that, proceedings in the Florida Action would seem to be the appropriate forum – not initiation of separate proceedings against the allegedly "offending" person in a forum to which they are not connected.

## STATEMENT OF FACTS

As set forth in Point II, *infra*, the facts set forth in the Complaint are so generalized and lacking in specificity that it is not possible to glean the precise statements that the Trainor Parties regard as "actionable" such that the matter should be dismissed for failure to state a claim. But before reaching that conclusion, based upon these bare bone allegations contained in the Complaint, it is clear that this Court does not have personal jurisdiction over any of the McGibney Parties. As per the Complaint, this is what we do know:

(1) The **only** connection that exists to the State of New Jersey is that the Trainor Parties represented the Plaintiff in the Florida Action. *See* Complaint at ¶9.

(2) The McGibney Parties are admittedly **all** located in the State of Texas.

2

    (3) Any alleged statements by the McGibney Parties emanated from the State of Texas.

    (4) If any alleged statements of the McGibney Parties were published, it was solely in the Florida Action or posted to social media platforms housed outside the State of New Jersey as part of an ongoing public discussion regarding controversial developments in the Florida Action.

*See* Complaint at ¶¶3, 10, 11, 13, 14, 19, 21, 24-71.

As demonstrated below, this is simply not enough to confer personal jurisdiction over any of the McGibney Parties in this Court.

<strong><u>LEGAL ARGUMENT</u></strong>

<strong><u>POINT I</u></strong>

<strong>THE COURT DOES NOT HAVE PERSONAL JURISDICTION<br/><u>OVER ANY OF THE MCGIBNEY PARTIES</u></strong>

As set forth in the Complaint, it is not disputed that **<u>NONE</u>** of the McGibney Parties are citizens or residents of the State of New Jersey and have injected themselves into the State of New Jersey in connection with the events underlying this action. Accordingly, there is no basis upon which the Trainor Parties can establish personal jurisdiction over any of the McGibney Parties.

In *Daimler AG v. Bauman,* 571 U.S. 117 (2014), the Supreme Court of the United States set forth the minimum due process requisites to establish general jurisdiction over the person. In this regard, *Daimler* requires the Court to focus on an entity's affiliation with the state, such as the place of incorporation or a continuous, systematic course of business, making the entity "at home" in the forum. *Id.* 571 U.S. at 118. Applied here, no general jurisdiction exists in the District of New Jersey over any of the McGibney Parties such that any claim of jurisdiction must be limited to specific jurisdiction.

3

The test for specific jurisdiction examines the nature of a defendant's contacts with the forum. "[T]he minimum contacts inquiry must focus on 'the relationship among the defendant, the forum, and the litigation.' " *Lebel v. Everglades Marina, Inc.,* 115 N.J. 317, 323 (1989) (quoting *Shaffer v. Heitner,* 433 U.S. 186, 204, 97 S. Ct. 2569 2579, 53 L. Ed. 2d 683, 698 (1977)). "[W]hen the defendant is not present in the forum state, it is essential that there be some act by which the defendant purposefully avails [itself] of the privilege of conducting activities within the forum state, thus invoking the benefit and protection of its laws."

Applied here, **NONE** of the McGibney Parties purposefully availed themselves of anything with respect to the State of New Jersey.  All of their alleged conduct which underlies the Complaint emanated from the State of Texas and/or was in connection with the Florida Action.

With respect to a motion to dismiss for lack of jurisdiction over the person, the burden of pleading sufficient facts to establish jurisdiction is on the Plaintiff. Applied here, the McGibney Partes have done nothing to connect themselves to the State of New Jersey in any way.  Hardly circumstances under which specific jurisdiction exists.  Accordingly, those who live or operate primarily outside the jurisdiction of a Court (such as the McGibney Parties here) have a due process right not to be subjected to judgment in such Courts as a general matter.

## POINT II

### THE ALLEGATIONS OF THE COMPLAINT LACK REQURED SPECIFICTY TO STATE A CLAIM

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that the pleading requirements of *Twombly* apply to all civil actions). "[B]ald assertions and conclusions of law will not suffice. The pleadings must create the possibility of a right to relief that is more than speculative." *Spool v. World Child Int'l Adoption Agency*, 520 F.3d 178, 183 (2d Cir. 2008) (citation omitted).

In resolving a Rule 12(b)(6) motion under *Twombly*, the Court must follow a two-pronged approach. First, the Court must accept all well-pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678. Nor must the Court "accept as true a legal conclusion couched as a factual allegation." *Id*. (quoting *Twombly*, 550 U.S. at 555). Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." *Ashcroft*, 556 U.S. at 679. This determination is context-specific, requiring the Court to draw on its experience and common sense; there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id*.; *Starr v. Sony BMG Music Entm't*, 592 F.3d 314, 321 (2d Cir. 2010).

The Complaint's allegations fail to meet the basic, liberal pleading standards. Nowhere does the Complaint contain any specificity as to the alleged "wrongful" statements upon which the generalized causes of action are based. Rather, all the Complaint does is generally claim that the McGibney Parties made "defamatory false statements." *See* Complaint, Introduction and ¶¶11, 19, 20-28 and all paragraphs in Counts One, Two, Three, Four and Five. A full 71 paragraphs of conclusory statements with absolutely **ZERO** specificity as to exactly who, what or when the alleged statements were made and how they were published to third parties.

These types of non-specific, generalized, conclusory statements do not cut it under the applicable Rules of Court. It is not even possible to evaluate the alleged statements under any applicable standard as no alleged statements are provided. Accordingly, the Complaint should also be dismissed for failure to state a claim.

## CONCLUSION

For the reasons set forth above, the Court should dismiss the entirety of Plaintiffs' Complaint both for lack of personal jurisdiction and for failure to state a claim.

                Respectfully submitted,

                **CUTOLO BARROS LLC**
                *Attorneys for Defendants James McGibney a/k/a Instagram Account @ bullyville and X Account @realbullyville*

                By:   *s/Gregg S. Sodini*
                        GREGG S. SODINI

Dated: September 24, 2024