

**CUTOLO CB BARROS** LLC

ATTORNEYS AT LAW

| NORTH JERSEY | CENTRAL JERSEY | SOUTH JERSEY |
|---|---|---|
| One Gateway Center, Suite 2600 | 46 - 50 Throckmorton Street | 923 Haddonfield Road, Suite 300 |
| Newark, New Jersey 07102 | Freehold, New Jersey 07728 | Cherry Hill, New Jersey 08002 |
| (973) 285-3048 | (732) 414-6529 phone | (856) 324-8237 |
| | (732) 414-1167 fax | |
| | www.cutolobarros.com | |

REPLY TO FREEHOLD

March 13, 2025

<u>**VIA ECF**</u>
Honorable Michael A. Hammer, U.S.M.J.
Courtroom MLK 2C
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

   Re: <u>**Trainor, et al v. McGibney**</u>
      <u>**Civil Action No. 2:24-cv-08873 (CCC)(MAH)**</u>

Dear Judge Hammer:

  As Your Honor may recall, we represent Defendant James McGibney a/k/a Instagram Account @ bullyville and X Account @realbullyville (collectively "Defendant" or "McGibney") in connection with this matter. In accordance with Paragraph 5 of the January 27, 2025 Pretrial Scheduling Order (the "PTO"), please accept this letter in response to the letter from counsel for Plaintiffs dated March 6, 2025 which was filed with the Court on March 7, 2025 (ECF Document No. 17).

  In accordance with the PTO deadlines, Defendant timely responded to the discovery demands of Plaintiffs on March 3, 2025. As part of those responses, Defendant provided hard copies of all internet postings made by Defendant regarding Plaintiffs from the time Defendant made any such postings to the present (Document Nos. MCG 1 through MCG 150). In addition,

Honorable Michael A. Hammer, U.S.M.J.
March 13, 2024
Page 2

Defendant identified the internet accounts when all of those documents could be located and indicated that, to the extend the postings were not within MCG 1 through MCG 150, they could be located there. Defendant is in the process of isolating any postings that are not contained within MCG 1 through MCG 150 and will produce hard copies of same so that internet postings are contained within hard copies of documents produced in this matter so that the record as to whatever statements posted by Defendant is readily apparent and can be accurately referenced so that the record is clear as to exactly what was posted by Defendant which can even theoretically be a basis upon which Plaintiffs can maintain a cause of action as set forth in the Complaint.

Counsel for Plaintiff and I spoke at length as to issues he had with Defendant's responses on Wednesday March 5, 2025. Our basic disagreement centers around what is relevant to the claims set forth in the Complaint and that (1) non-public personal communications between our client and Danesh Noshirvan and Mr. Noshirvan's counsel in an action commenced by Plaintiff's counsel against Mr. Noshirvan in Florida captioned *Couture, et al v. Noshirvan*, et al, Civil Case No.: 2:23-cv-00340, are not only irrelevant to Plaintiff's claims here and are otherwise privileged under Rules 501 and 502 of the Federal Rules of Evidence and other applicable law and (2) non-public communications between our client and law enforcement agencies in connection with criminal investigations by those agencies are also irrelevant and otherwise privileged under Rules 501 and 502 of the Federal Rules of Evidence and other applicable law.

Specifically, the causes of action set forth in the Complaint in this matter are confined to alleged libel, alleged defamation, alleged slander and alleged intentional infliction of emotional distress arising out of the alleged libel, alleged defamation, alleged slander. Accordingly, all that could even theoretically be relevant are (1) the publicly disseminated postings by Mr. McGibney and (2) materials upon which Mr. McGibney relied in making the postings. As to the position of

Honorable Michael A. Hammer, U.S.M.J.
March 13, 2024
Page 3

Plaintiffs, it appears that they are of the opinion that the allegations in the Complaint support a broad-based fishing expedition as to all communications that Mr. McGibney had with anyone regarding Plaintiffs during the period from January 21, 2022 to the present.   That is improper.

      Thank You for Your time and attention to this matter.  By copy of this letter sent via ECF and email only, we are advising adversary counsel of the above and providing him with a copy of our submission.  We await Your Honor's advice.

                                                  Respectfully submitted,

                                                  */s/ Gregg S. Sodini*
                                                  GREGG S. SODINI

Enclosures
cc:    Patrick Trainor, Esq. (via ECF and email only pt@ptesq.com)