**CUTOLO BARROS LLC**
46-50 Throckmorton Street
Freehold, New Jersey 07728
Phone: (732) 414-1170
Fax: (732) 414 1167
Gregg S. Sodini, Esq. (1766)
GSodini@cutolobarros.com
*Attorneys for Defendant James McGibney a/k/a Instagram Account @ bullyville and X Account*
*@realbullyville*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATRICK TRAINOR; LAW OFFICE OF PATRICK TRAINOR, ESQ., LLC,<br><br>Plaintiffs,<br><br>-vs.-<br><br>JAMES MCGIBNEY a/k/a INSTAGRAM ACCOUNT @ bullyville and X ACCOUNT @realbullyville,<br><br>Defendant. | CIVIL ACTION NO. 2:24-cv-8873 01896 (CCC(MAH)<br><br>**MOTION DAY: July 21, 2025**<br><br>**ORAL ARGUMENT REQUESTED** |

---

**BRIEF OF DEFENDANT JAMES MCGIBNEY A/K/A INSTAGRAM ACCOUNT @ BULLYVILLE AND X ACCOUNT @REALBULLYVILLE IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT WITH PREJUDICE FOR FAILURE TO STATE A CLAIM AND FOR LACK OF PERSONAL JURISDICTION**

---

## TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS...........................................................................................i

TABLE OF AUTHORITIES ..............................................................................i

PROCEDURAL HISTORY AND STATEMENT OF FACTS............................................1

LEGAL ARGUMENT...........................................................................................3

      POINT I:

      THE ALLEGATIONS OF THE AMENDED COMPLAINT
      LACK REEQUIRED SPECIFICITY TO STATE A CLAIM . . . . . . . . . . . . . . , , , , ,4

      POINT II:

      THE COURT DOES NOT HAVE PERSONAL JURISDICTION
      OVER ANY OF THE MCGIBNEY PARTIES………..…………………………...7

CONCLUSION .....................................................................................................9

## TABLE OF AUTHORITIES

**CASES**                                                                                               **PAGE**

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)…….………………………………...6

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)…………………………………...6

*Columbus LTACH Mgmt., LLC v. Quantum LTACH Holdings, LLC*,
No. 16-6510,2019 WL 2281632, at *4 (D.N.J. May 29,2019) ……………………………...5

*Daimler AG v. Bauman,*   571 U.S. 117 (2014)…………………………………………...7

*Grayson v. Mayview State Hosp*., 293 F.3d 103, 110 (3d Cir. 2002). …………………....5

*Hawkins v. Harris*, 141 N.J. 207, 215 (1995) . …………………………………………...4

*Lebel v. Everglades Marina, Inc.,* 115 N.J. 317 (1989)……………………………….8

*Shaffer v. Heitner,* 433 U.S. 186, 204, 97 S. Ct. 2569 2579,
53 L. Ed. 2d 683, 698 (1977).11………………………………………………………...8

*Spool v.World Child Int'l Adoption Agency*, 520 F.3d 178 (2d. Cir. 2008)..………………...6

*Starr v. Sony BMG Music Entm't*, 592 F.3d 314 (2d Cir. 2010)…………...………………..6

**RULES**                                                                                          **PAGE**

F.R.Civ. P. 12 (b) (6) …………………….……………………………………………...6

## PROCEDURAL HISTORY AND STATEMENT OF FACTS

As the Court may recall, this matter arises out of alleged statements and conduct of Defendant James McGibney a/k/a Instagram Account @ bullyville and X Account @realbullyville (the "McGibney Parties")[1] which took place completely outside of the State of New Jersey in connection with a litigation matter pending in the United States District Court for the Middle District of Florida, Fort Meyers, Division captioned *Couture, et al v. Noshirvan, et al*, Case No. 2:23-cv-00340-SPC-KCD (the "Florida Action").

The original Complaint in this matter was the subject of a Motion to Dismiss by the McGibney Parties for (1) lack of personal jurisdiction over any of the McGibney Parties and (2) failure to state a claim. The Court disposed of that Motion by Opinion and Order dated April 25, 2025 (Document 20) (the "4/25/25 Opinion & Order") wherein the Court dismissed the Complaint for failure to state a claim but did not reach a final decision on the issue of personal jurisdiction because "[p]laintiffs have not provided the court sufficient information to find that the first element[2] is satisfied because . . . Plaintiffs have failed to plead sufficient details about the allegedly defamatory statements – and thus failed to properly state a claim for an intentional tort". *See* 4/25/25 Opinion & Order at pages 5-6.    Accordingly, the Court dismissed the Complaint for failure to state a claim and provided Plaintiffs with thirty (30) days to file an Amended Complaint which states a claim.

---

[1] While the Amended Complaint appears to name **only** Defendant James McGibney, it is not clear if the other references are merely meant to be aliases for Mr. McGibney or separate entities. Accordingly, so there is no confusion, to the extent the Amended Complaint is directed to Mr. McGibney **and** other entities, this motion is on behalf of all such Defendants.

[2] The first element in the "effects test" for specific jurisdiction applied by the Court is that a Plaintiff must show that a Defendant committed an intentional tort. *See* 4/25/25 Opinion & Order at page 5.

On May 23, 2025, Plaintiffs (hereinafter "Plaintiffs" or the "Trainor Parties") filed their Amended Complaint. However, as demonstrated below, nothing has changed and the Amended Complaint is still deficient.

Specifically, ss set forth below, the facts set forth in the Amended Complaint are still so generalized and lacking in specificity that it is not possible to glean the precise statements that the Trainor Parties regard as "actionable" such that the matter should be dismissed for failure to state a claim, but this time **with prejudice**. In addition, while the McGibney Parties understand the Court's prior decision as to the inadequacy of the allegations in the Complaint precluding a decision as to personal jurisdiction and that this same rationale would apply to the deficient Amended Complaint, the McGibney Parties are not waiving their argument that the Court lacks personal jurisdiction over them in this matter and, out of an abundance of caution, based upon the bare bone allegations contained in the Amended Complaint, reiterate their arguments that this Court does not have personal jurisdiction over any of the McGibney Parties.

As per the Amended Complaint:

(1) The **only** connection that exists to the State of New Jersey is that the Trainor Parties represented the Plaintiff in the Florida Action. *See* Amended Complaint at ¶10.

(2) The McGibney Parties are admittedly **all** located in the State of Texas.

(3) Any alleged statements by the McGibney Parties emanated from the State of Texas.

(4) If any alleged statements of the McGibney Parties were published, it was solely in the Florida Action or posted to social media platforms housed outside the State of New Jersey as part of an ongoing public discussion regarding controversial developments in the Florida Action.

*See* Amended Complaint at ¶¶3, 14, 15, 13, 20, 21, 22, 23-59.

2

In sum, as set forth in the Amended Complaint – albeit sparsely -- the **only** connection that exists to the State of New Jersey is that Plaintiffs represented the Plaintiff in the Florida Action as it is undisputed that McGibney Parties are admittedly **all** located in the State of Texas and any alleged statements by them **all** emanated from the State of Texas, and, if published, were published solely in connection with the Florida Action or posted on passive media outlets housed outside of the State of New Jersey regarding disputed activity in the Florida Action. *Id*.

In the end, this matter should be seen for what it really is:  A vexatious SLAPP ("Strategic Lawsuit Against Public Participation") action to take "revenge" upon the McGibney Parties for resisting disclosure of what they regard as confidential information sought in the Florida Action.  Frankly, if the Trainor Parties have issues with that, proceedings in the Florida Action would seem to be the appropriate forum -- not initiation of separate proceedings against the allegedly "offending" person in a forum to which they are not connected.

## LEGAL ARGUMENT

### POINT I

### THE ALLEGATIONS OF THE AMENDED COMPLAINT LACK REQURED SPECIFICITY TO STATE A CLAIM

The Court has been here before.   As set forth in the 4/25/25 Opinion & Order with respect to the original Complaint:

> Here, instead of identifying the specific defamatory words, Plaintiffs repeatedly make conclusory allegations that Defendant made defamatory statements. Plaintiffs have sometimes provided the Court with the general topics of the alleged statements, **but not the actual statements themselves**. (footnote omitted). For instance, Plaintiffs allege that Defendant made defamatory statements on social media that Trainor committed criminal acts in furtherance of criminal conspiracy "to aid and abet an international fugitive escape the law." Complaint ¶ 24. Plaintiffs do not allege when these statements were made, what the criminal acts were, who the alleged international fugitive was, nor do they quote any alleged statement. *See id.* Similarly, Plaintiffs allege that Defendant "continually republished defamatory statements" that allegedly "attribute

3

criminality and acts of moral turpitude" to Trainor. *Id.* ¶ 26. Again, Plaintiffs do not specify what the actual statements were, when they were made, or what type of behavior was referred to in the statements. Plaintiffs provide the Court with no specifics to establish what the allegedly defamatory statements actually were. *See Shoul v. Select Rehab., LLC*, No. 1:21-CV-00836, 2022 WL 2118322 at *9, (M.D. Pa. June 13, 2022) (noting that a plaintiff alleging defamation must state the source and substance of the communication at issue, as well as the date and circumstances under which specific statements were made). Plaintiffs argue that their allegations have provided Defendant with enough notice to understand the "allegations made against him." S*ee Cristelli v. Filomena II, Inc.,* 1999 WL 1081290, at *3 (D.N.J. Dec. 1999). But Plaintiffs have not indicated what the specific language at issue is and when the alleged posts were published. As such, Plaintiffs' allegations are not enough to provide notice as to which statements are at issue in this case. *See Zoneraich v. Overlook Hosp*., 514 A.2d 53, 63 (N.J. Super. Ct. App. Div.)

*See* 4/25/25 Opinion & Order at pages 7-8 (emphasis added).

Other than providing some dates, **NOTHING** has changed with the Amended Complaint:

**INTRODUCTION**:   No specifics no substantive changes.

**PARTIES:**    New paragraph 5.  No allegation of defamatory statements.

**FACTS COMMON TO ALL COUNTS:**  ¶¶9-13.  No specifics.  ¶¶14-19.  Nothing allegedly defamatory.  ¶¶20-21.  Court filings in Florida Action.[3].  ¶¶22-39.  Other than dates, no specifics, no recitation of the actual statements and simply conclusory statements by the Trainor Parties "interpreting" the unidentified statements.

**COUNT ONE**:    ¶¶40-47.  No specifics.

**COUNT TWO**:    ¶¶48-53.  No specifics.

**COUNT THREE**:    ¶¶54-59.  No specifics.

---

[3] No specifics are provided and, any such statements are protected by the litigation privilege which protects statements in Court proceedings that have some relation to the nature of the proceedings.  *See Hawkins v. Harris*, 141 N.J. 207, 215 (1995).  Moreover, the veracity of such statements is really under the purview of the Court in the Florida Action which is presiding over the proceedings in that action.

What is particularly disingenuous on the part of Plaintiffs here -- especially in light of the rulings of the Court in the 4/25/2025 Opinion & Order – **IS THAT THE TRAINOR PARTIES ARE IN POSSESSION OF ALL OF THE ALLEGEDLY WRONGFUL STATEMENTS AND, EVEN THOUGH GIVEN AN OPPORTUNITY BY THE COURT TO COME FORTH WITH SAME**, they continue to play a game of "hide & seek" wasting the time and resources of both the Court and the McGibney Parties instead of setting forth the actual statements themselves.

In light of what borders on contumacious behavior in this regard, the Court should dismiss the Amended Complaint **with prejudice**.  The Trainor Parties have been in possession of **ALL** alleged statements of the McGibney Parties upon which they base this action since at least August of 2024 when they commenced this action.  Under such circumstances, the Court need not dismiss with leave to amend if that would be "inequitable or futile." *See Grayson v. Mayview State Hosp*., 293 F.3d 103, 110 (3d Cir. 2002).  *See also Columbus LTACH Mgmt., LLC v. Quantum LTACH Holdings, LLC*, No. 16-6510,2019 WL 2281632, at *4 (D.N.J. May 29,2019) (dismissing with prejudice because plaintiff had failed to remedy previously identified deficiencies within his amended complaint).

Applied here, despite being in possession of **ALL** of the allegedly offending statements, Plaintiffs are apparently unable to remedy their pleading deficiencies with required specificity and are not deserving of further indulgence by the Court providing them with additional "bites at the apple."  Plaintiffs have had ample opportunity to meet the required pleading standard, have failed and should not be able to further hold the McGibney Parties hostage to claims they themselves cannot adequately set forth.

In sum, Pursuant to Federal Rule of Civil Procedure 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that the pleading requirements of *Twombly* apply to all civil actions). "[B]ald assertions and conclusions of law will not suffice. The pleadings must create the possibility of a right to relief that is more than speculative." *Spool v.World Child Int'l Adoption Agency*, 520 F.3d 178, 183 (2d Cir. 2008) (citation omitted).

In resolving a Rule 12(b)(6) motion under *Twombly*, the Court must follow a two-pronged approach. First, the Court must accept all well-pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678. Nor must the Court "accept as true a legal conclusion couched as a factual allegation." *Id*. (quoting *Twombly*, 550 U.S. at 555). Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." *Ashcroft*, 556 U.S. at 679. This determination is context-specific, requiring the Court to draw on its experience and common sense; there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id*.; *Starr v. Sony BMG Music Entm't*, 592 F.3d 314, 321 (2d Cir. 2010).

The Complaint failed in this regard, the Amended Complaint does not remedy this failure and also fails to meet the basic, liberal pleading standards. Nowhere does the Amended Complaint contain the required specificity as to the alleged "wrongful" statements upon which the generalized causes of action are based.  Rather, all the Amended Complaint does is generally

6

claim that the McGibney Parties made "defamatory false statements" on various dates.  A full 59 paragraphs of conclusory statements with absolutely **ZERO** specificity other than some dates. Nothing as to exactly what alleged statements were made, about whom they were made or how they were published to third parties.

These types of non-specific, generalized, conclusory statements do not cut it under the applicable Rules of Court.  It is not even possible to evaluate the alleged statements under any applicable standard as no alleged statements are provided.  Accordingly, Plaintiffs having already had a second "bite at the apple", the Amended Complaint should also be dismissed for failure to state a claim **with prejudice**.

## POINT II

### THE COURT DOES NOT HAVE PERSONAL JURISDICTION OVER ANY OF THE MCGIBNEY PARTIES

As set forth in the Amended Complaint, it is not disputed that **NONE** of the McGibney Parties are citizens or residents of the State of New Jersey.  Nor have they injected themselves into the State of New Jersey in connection with the events underlying this action. Accordingly, there is no basis upon which the Trainor Parties can establish personal jurisdiction over any of the McGibney Parties.

In *Daimler AG v. Bauman,* 571 U.S. 117 (2014), the Supreme Court of the United States set forth the minimum due process requisites to establish general jurisdiction over the person.  In this regard, *Daimler* requires the Court to focus on an entity's affiliation with the state, such as the place of incorporation or a continuous, systematic course of business, making the entity "at home" in the forum. *Id.* 571 U.S. at 118.  Applied here, no general jurisdiction exists in the District of New Jersey over any of the McGibney Parties such that any claim of jurisdiction must be limited to specific jurisdiction.

7

The test for specific jurisdiction examines the nature of a defendant's contacts with the forum. "[T]he minimum contacts inquiry must focus on 'the relationship among the defendant, the forum, and the litigation.' " *Lebel v. Everglades Marina, Inc.,* 115 N.J. 317, 323 (1989) (quoting *Shaffer v. Heitner,* 433 U.S. 186, 204, 97 S. Ct. 2569 2579, 53 L. Ed. 2d 683, 698 (1977)). "[W]hen the defendant is not present in the forum state, it is essential that there be some act by which the defendant purposefully avails [itself] of the privilege of conducting activities within the forum state, thus invoking the benefit and protection of its laws."

Applied here, **<u>NONE</u>** of the McGibney Parties purposefully availed themselves of anything with respect to the State of New Jersey.  All of their alleged conduct which underlies the Complaint emanated from the State of Texas and/or was in connection with the Florida Action.

With respect to a motion to dismiss for lack of jurisdiction over the person, the burden of pleading sufficient facts to establish jurisdiction is on the Plaintiff. Applied here, the McGibney Partes have done nothing to connect themselves to the State of New Jersey in any way.  Hardly circumstances under which specific jurisdiction exists.  Accordingly, those who live or operate primarily outside the jurisdiction of a Court (such as the McGibney Parties here) have a due process right not to be subjected to judgment in such Courts as a general matter.

**<u>CONCLUSION</u>**

For the reasons set forth above, the Court should dismiss the entirety of Plaintiffs' Amended

Complaint for failure to state a claim and for lack of personal jurisdiction with prejudice.

Respectfully submitted,

**CUTOLO BARROS LLC**
*Attorneys for Defendants James McGibney a/k/a Instagram*
*Account @ bullyville and X Account @realbullyville*

By:___*s/Gregg S. Sodini*_____
       GREGG S. SODINI

Dated: June 20, 2020