**CUTOLO BARROS LLC**
46-50 Throckmorton Street
Freehold, New Jersey 07728
Phone: (732) 414-1170
Fax: (732) 414 1167
Gregg S. Sodini, Esq. (1766)
GSodini@cutolobarros.com
*Attorneys for Defendant James McGibney a/k/a Instagram Account @ bullyville and X Account @realbullyville*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PATRICK TRAINOR; LAW OFFICE OF PATRICK TRAINOR, ESQ., LLC, <br><br> Plaintiffs, <br><br> -vs.- <br><br> JAMES MCGIBNEY a/k/a INSTAGRAM ACCOUNT @ bullyville and X ACCOUNT @realbullyville, <br><br> Defendant. | CIVIL ACTION NO. 2:24-cv-8873 01896 (CCC(MAH) <br><br> **MOTION DAY: August 4, 2025** <br><br> **ORAL ARGUMENT REQUESTED** |

**REPLY BRIEF OF DEFENDANT JAMES MCGIBNEY A/K/A INSTAGRAM ACCOUNT @ BULLYVILLE AND X ACCOUNT @REALBULLYVILLE IN FURTHER SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT WITH PREJUDICE FOR FAILURE TO STATE A CLAIM AND FOR LACK OF PERSONAL JURISDICTION**

# **TABLE OF CONTENTS**

**Page**

TABLE OF CONTENTS..................................................................................................i

TABLE OF AUTHORITIES ............................................................................................i

PRELIMINARY STATEMENT .......................................................................................1

STATEMENT OF FACTS ................................................................................................2

LEGAL ARGUMENT.....................................................................................................10

    POINT I:

    THE ALLEGATIONS OF THE AMENDED COMPLAINT STILL DO NOT
    STATE A VIABLE CLAIM FOR LEBEL, DEFAMATION OR SLANDER……..10

    POINT II:

    THE COURT DOES NOT HAVE PERSONAL JURISDICTION
    OVER DEFENDANT JAMES MCGIBNEY…………..………………………………..12

CONCLUSION ...............................................................................................................15

# **TABLE OF AUTHORITIES**

**CASES**                                                                                                                        **PAGE**

*Burger King Corp, v, Rudzewicz*, 471 U.S. 462, 475 (1985)……………...…………………13

*Calder v Jones*, 465 U.S. 783 (1981) ……… ………..………………………………………..12-14

*G.D. v. Kenny*, 15 A.3d 300, 310 (N.J. 2011) ………..…………………………………..11

*Hawkins v. Harris*, 141 N.J. 207, 215 (1995)..……………………………………………11

*Lebel v. Everglades Marina, Inc.,* 115 N.J. 317, 323 (1989)…………...………………..12

*Shaffer v. Heitner,* 433 U.S. 186, 204, 97 S. Ct. 2569 2579, 53 L. Ed. 2d 683, 698 (1977)). 1989)…………………………………………………………..………………..12

*Walden v. Fiore*, 134 S. Ct 1115 (2014) ………………………………...………………13-14

**PRELIMINARY STATEMENT**

    Distilled to its essence, the opposition papers of Plaintiffs Patrick Trainor, Esq. and his law firm, Office of Patrick Trainor, Esq., LLC (collectively "Plaintiffs" or "Trainor") to the motion of the McGibney Parties consists of nothing more than self-serving "interpretations" of various posts by Defendant James McGibney ("Defendant" or "McGibney") to social media accounts which interpretations are inaccurate and in no way support valid claims for libel, defamation and/or slander.  Moreover, now that Plaintiff has finally identified the date of the statements with some specificity, it is clear that **NONE** of the statements were directed to the State of New Jersey as required under applicable law such that the Court does not have personal jurisdiction over Defendant arising out of the allegedly offending statements.

    Frankly, Plaintiff has wasted the time of **BOTH** the Court and Defendant in refusing to adequately identify the allegedly offending statements at the outset (leaving us to guess) and then disingenuously "interpreting" same in an inaccurate manner to conduct a campaign of vexatious harassment against Defendant stemming from legal proceedings in Florida into which Mr. Trainor had injected himself.

    We will be as brief as possible in this reply.  However, the detail provided is necessary to demonstrate both (1) that this matter should be dismissed with prejudice on the merits and (2) that personal jurisdiction does not exist in New Jersey over Defendant for the simple reason that the allegedly offending communications demonstrate conclusively that Defendant never purposefully availed himself of the State of New Jersey such that there is no jurisdiction under the "effects" test.

1

**STATEMENT OF FACTS**

The focus here is on the allegations in the Amended Complaint. As previously set forth in Defendants moving brief, the Amended Complaint provides no specifics other than dates of the allegedly offending statements contained in ¶¶14 through 38 of the Amended Complaint. Instead of simply relying upon Plaintiffs' "interpretations" of these statements, even though somewhat tedious, now would seem the appropriate time to look at the **actual** statements which Plaintiffs claim are actionable both to dispose of this matter on the merits and decide the issue of personal jurisdiction. We will go through each statement one by one with reference to the applicable paragraph in the Amended Complaint.[1]

**¶14. January 15, 2025 Email (McGibney Declaration Exhibit A)**

This is a direct communication to Plaintiff regarding filings and discovery demands made by Plaintiff in the action captioned *Couture, et al. v. Noshirvan, et al,* Civil Case No. 2:23-cv-00340 SPC-KCD (the "Florida Action"). It was not directed at third-parties and the subject matter is exclusively about filings and discovery demands made by Mr. Trainor in the Florida Action -- not anything to do with New Jersey. Nothing remotely libelous, defamatory or slanderous as to Plaintiffs here and nothing connected to New Jersey.

**¶¶20-21 February 8, 2024 Declaration filed in the Florida Action (McGibney Declaration Exhibit B)**

This is a publicly filed document in the Florida Action. The only paragraph that even mentions Plaintiffs is paragraph 20 which does not state what Plaintiffs claim in paragraphs 20 and 21 of the Amended Complaint. Rather, the actual is as follows:

---

[1] Submitted herewith is the July 28, 2025 Declaration of James McGibney which contains true copies of each of the allegedly offending statements which are attached thereto as Exhibits A through R (hereinafter the "McGibney Declaration").

2

> As I previously stated, I am familiar with this ease. On January 15, 2024, I became aware that Plaintiffs' counsel inaccurately stated or misrepresented statements to the court in docket filing 89. In response, I sent Mr. Trainor an email and had Mr. Trainor served with a formal letter advising him of the inaccuracies in his statements to the Court. I also requested that Mr. Trainor retract his misrepresentations. Mr. Trainor responded by personally attacking me with false statements and by making a veiled threat to destroy my reputation. A true and correct copy of my email correspondence with Mr. Trainor, along with a proof of service, and his response, is attached to this Declaration.

No mention of fraud, knowingly filing false statements, conspiracy with a convicted felon and fugitive to threaten and harass. No use of the phrases "completely lie]d]" or "gross misrepresentation." No mention of Plaintiffs violating obligations to the tribunal or of the filing a bar complaint. Moreover, again, this deals with filings and proceedings in the Florida Action. Nothing remotely libelous, defamatory or slanderous as to Plaintiff and nothing connected to New Jersey.

### ¶22  February 18, 2024 Post  (McGibney Declaration Exhibit C)

Again, this post is solely in relation to filings made by Plaintiffs in the Florida Action and merely highlights inaccuracies in a filing made by Plaintiffs as to the conduct of the clients of Plaintiffs in the Florida Action regarding matters underlying the Florida Action – conduct of which Plaintiffs have no personal knowledge. Nothing remotely libelous, defamatory or slanderous as to Plaintiffs and nothing connected to New Jersey.

### ¶23  June 28, 2024 Post  (McGibney Declaration Exhibit D)

Again, this post is solely in relation to filings made by Mr. Trainor in the Florida Action and merely states that Mr. Trainor accused McGibney of hacking emails of a third party in that action – accusations which Mr. Trainor did in fact make (*see* Exhibit F to McGibney Declaration at page MCG 63) and are things of which Mr. Trainor could not possibly have personal knowledge. The post also states the intention of Defendant to get Mr. Trainor disbarred for such

3

conduct in the Florida Action. Mere statements by Mr. McGibney as to inaccuracies in a filing made by Mr. Trainor regarding accusations made by Mr. Trainor in filings in the Florida Action regarding Mr. McGibney -- conduct of which Mr. Trainor could not possibly have personal knowledge. Nothing remotely libelous, defamatory or slanderous as to Plaintiff and nothing connected to New Jersey.

### ¶24  June 29, 2024 Post (McGibney Declaration Exhibit E)

Plaintiffs' interpretation as set forth in the Amended Complaint is not accurate. The post merely states that Defendant is going to get Mr. Trainor disbarred and Defendant's intention to bring to light Mr. Trainor's alleged relationship with a third-party. Nothing remotely libelous, defamatory or slanderous as to Plaintiff.

### ¶¶25-26  July 1, 2024 Post  (McGibney Declaration Exhibit F)

Plaintiffs' interpretation as set forth in the Amended Complaint is again not accurate. The post merely disputes sworn statements made by Mr. Trainor in public filings in the Florida Action about Mr. McGibney which Mr. McGibney claims are untrue.[2]  Moreover, there is no statement anywhere in this post about Mr. Trainor providing financial assistance to a "convicted felon on the run in Mexico". It merely requests of certain authorities to "please take a look at Federal Case 2:23-cv-00340-SPC-KCD" wherein "convicted felon Joseph A. Camp (who is currently on the run in Mexico, after being released from jail in Belize) has sent numerous harassing emails to the judge in that case" and further states that "attorney Patrick Trainor (who does not represent Joseph Camp), has now stated, within that aforementioned federal court

---

[2] Rhetorically, when Mr. Trainor makes statements accusing others of criminal conduct in public filings despite having no personal knowledge to support such allegations, are those accused by Mr. Trainor prohibited from publicly denying the truth of such scurrilous accusations and bound to "bend the knee" to whatever Mr. Trainor says under pain of being sued for the unpardonable sin of denying the truth of the baseless accusations of made my Mr. Trainor?

4

filing, that [Mr. McGibney] hacked Joseph Camp's emails and sent harassing emails to a federal judge" -- all of which statements were in fact made by Mr. Trainor. *See* Exhibit F to McGibney Declaration at MCG 63. Moreover, this post is solely in relation to filings and statements made by Mr. Trainor in the Florida Action wherein Mr. Trainor accused Mr. McGibney of hacking emails of Mr. Camp in that action which is a very serious allegation that warrants investigation. Nothing remotely libelous, defamatory or slanderous as to Plaintiff and nothing connected to New Jersey.

### ¶27  July 1, 2024 Post  (McGibney Declaration Exhibit G)

Again, the post simply does not say what Mr. Trainor claims in the Amended Complaint. It merely states that Mr. McGibney has in his possession "legally obtained emails between convicted felon and pedophile Joseph 'JoJo' Camp, allegedly acting on your behalf!" and provides copies of those emails. Again, this post is also solely in relation to filings made by Mr. Trainor in the Florida Action. Again, nothing remotely libelous, defamatory or slanderous as to Plaintiffs and nothing connected to New Jersey.

### ¶28  July 6, 2024 Post  (McGibney Declaration Exhibit H)

Again, this post is also solely in relation to filings made by Mr. Trainor in the Florida Action regarding matters at issue in that action including Mr. Trainor's baseless accusations that Mr. McGibney "hacked" emails of Mr. Camp. The post simply does not say what Plaintiffs allege in the Amended Complaint. It merely questions Mr. Trainor as to what proof he has regarding his baseless allegations and questions why Mr. Trainor would be "petrified" of the disclosure of communications he may have had with Joseph "JoJo" Camp. Again, there is simply nothing remotely libelous, defamatory or slanderous as to Plaintiff and nothing connected to New Jersey.

5

### ¶29  July 9, 2024 Post  (McGibney Declaration Exhibit I)

Again, the post simply does not say what Mr. Trainor claims in the Amended Complaint. It states as follows:

> I told you I was going to get you disbarred LOLawyer Patrick Trainor, I just needed to prove that you were working in conjunction with convicted felon and PEDOPHILE Joseph "JoJo' Camp. I can taste your bar card from here!

In addition, it attaches copies of emails exchanged between Mr. Camp and the process server who served the January 15, 2024 letter from Mr. McGibney (Exhibit A to the McGibney Declaration) upon Mr. Trainor -- one of which instructs the process server to send the original of a document to Patrick Trainor (see Exhibit I to the McGibney Declaration at page MCG 91) Once again, this post is also solely in relation to activities in the Florida Action in which Mr. Trainor injected himself and the email from Mr. Camp indicates a relationship with Mr. Trainor. Again, nothing remotely libelous, defamatory or slanderous as to Plaintiffs and nothing connected to New Jersey.

### ¶30  August 12, 2024 Post  (McGibney Declaration Exhibit J)

Again, the post simply does not say what Plaintiffs claim in the Amended Complaint. The only statements remotely close to what is alleged in paragraph 30 of the Amended Complaint are a question posed in the second paragraph as to why Mr. Trainor would be so concerned about his "alleged pedophile pal" and a statement in the third paragraph that Mr. McGibney imagines "it would be nerve-wracking for an alleged criminal conspiracy to be painstakingly detailed on the big screen for the whole world to see."   Again, this post is also solely in relation to activities in the Florida Action in which Mr. Trainor injected himself. Again, nothing remotely libelous, defamatory or slanderous as to Plaintiffs and nothing connected to New Jersey.

**¶31  August 27, 2024 Post  (McGibney Declaration Exhibit K)**

Again, the post simply does not say what Plaintiffs allege in the Amended Complaint. Moreover, this post is also solely in relation to the veracity of representations made by Mr. Trainor and others in filings with the Court in the Florida Action in which Mr. Trainor injected himself.  Finally, there is simply nothing remotely libelous, defamatory or slanderous as to Plaintiff and nothing connected to New Jersey.  It merely states that Mr. Trainor has some relationship with his clients in the Florida Action and with Mr. Camp.

**¶32  August 31, 2024 Post (McGibney Declaration Exhibit R)**

Again, the post does not say what Plaintiffs allege in paragraph 32.  It actually reads as follows in this regard:

> LOLawyer Patrick Trainor filed a lawsuit against me in New Jersey yesterday! His entire lawsuit revolves around when convicted felon Joseph "JoJo" Camp began harassing the shit out of the process server in New Jersey after I had Patrick Trainor served. I 100% stand by that statement because I have PROOF!!!!

Read for what it actually says, the statement is not about Plaintiffs at all.   It is about the fact that Joseph "JoJo" Camp began harassing the process server who delivered materials to Mr. Trainor after Mr. McGibney had Mr. Trainor served with Mr. McGibney's demands for retractions in connection with filings made by Mr. Trainor in the Florida Action (Exhibit A to the McGibney Declaration).  Yes, Mr. McGibney stands by that statement as Mr. Camp apparently did begin harassing the process server as is reflected in the emails from Mr. Camp to the process server appearing in Exhibit I to the McGibney Declaration.  That is all this post says.  There is

simply nothing remotely libelous, defamatory or slanderous as to Plaintiffs in making this statement and nothing connected to New Jersey.[3]

### ¶33  September 2, 2024 Post  (McGibney Declaration Exhibit L)

In this post Mr. McGibney merely denies the truth of an allegation by Mr. Trainor in paragraph 19 of the original Complaint filed in this matter, provides a copy of that paragraph of the Complaint, provides a copy of Mr. McGibney's February 8, 2024 Declaration filed in the Florida Action which is the subject of the allegations in paragraph 19 of the original Complaint filed in this matter and challenges anyone to find where he stated in his February 8, 2024 Declaration that Mr. Trainor committed acts in furtherance of a criminal conspiracy.  First, denying the truth of allegations made by a party in pleadings is not actionable libel, defamation or slander.  If it were, every pleading everywhere would form the basis of such actions. Moreover, this post is also solely in relation to the veracity of representations made in filings with the Court in the Florida Action in which Mr. Trainor injected himself.  In short, once again, there is simply nothing remotely libelous, defamatory or slanderous as to Plaintiff and nothing connected to New Jersey.

### ¶34  September 7, 2024 Post  (McGibney Declaration Exhibit M)

In this post Mr. McGibney merely denies the truth of repeated allegations by Mr. Trainor in the Florida Action that Mr. McGibney provided "hacking services and hacked material" to a party in that action.  Mr. McGibney denies this and claims that Mr. Trainor is not telling the truth in making such statements.  Mr. McGibney is entitled to deny allegations about him that he deems false and is certainly entitled to render an opinion regarding the honesty and integrity of

---

[3] One has to wonder (1) how Mr. Camp came to know of the service of Mr. Trainor by Mr. McGibney if it did not come from Mr. Trainor and (2) why Mr. Camp felt a need to inject himself into matters in which he simply was not involved.

persons making false allegations about him in pleadings filed with the Court -- especially where the person leveling the allegationd have no personal knowledge of the underlying facts forming the basis of the false allegation.  Again, denying the truth of allegations made by a party in pleadings is not actionable libel, defamation or slander.  Moreover, this post is also solely in relation to the veracity of representations made by Mr. Trainor in filings with the Court in the Florida Action in which Mr. Trainor injected himself.  Again, there is simply nothing remotely libelous, defamatory or slanderous as to Plaintiff and nothing connected to New Jersey.

### ¶35  September 8, 2024 Post  (McGibney Declaration Exhibit N

This post simply does not say what Plaintiffs claim in paragraph 35 of the Amended Complaint.  The word "conspired" does not appear anywhere in the post.  Moreover, the post is about the activities of "convicted felon and fugitive Joseph "JoJo" Camp" – not activities of Plaintiffs.  There is simply nothing remotely libelous, defamatory or slanderous as to Plaintiffs in this post and nothing connected to New Jersey.

### ¶36  September 8, 2024 Post  (McGibney Declaration Exhibit O)

Again, this post simply does not say what Plaintiffs alleged in paragraph 36 of the Amended Complaint.  Again, the word "conspired" does not appear anywhere in the post. Moreover, the post is about the activities of "convicted felon and fugitive Joseph "JoJo" Camp" – not activities of Plaintiffs.  Again, nothing remotely libelous, defamatory or slanderous as to Plaintiffs in this post and nothing connected to New Jersey.

### ¶37  September 15, 2024 Post  (McGibney Declaration Exhibit P)

This post simply states as follows in the 7th paragraph of the post:

> Hey Patrick, if you thought your frivolous defamation lawsuit was
> going to stop me from exposing you and your connection to
> convicted felon and fugitive, Joseph, "JoJo Camp, you dearly
> misjudged who you're trying to bully into silence

9

It is ridiculous to suggest that a statement by a defendant in an ill-conceived and arguably frivolous lawsuit to the effect that they (1) will expose negative facts about an adversary party and (2) will not be bullied into silence by claims they regard as frivolous amount to actionable libel, defamation or slander. In fact, any argument to that effect would seem utterly frivolous. Again, nothing remotely libelous, defamatory or slanderous as to Plaintiff in this post.

### ¶38  September 20, 2024 Post  (McGibney Declaration Exhibit Q)

Again, this post simply does not say what Plaintiffs alleged in paragraph 38 of the Amended Complaint. Again, the word "conspired" does not appear **anywhere** in the post. Moreover, other than pointing out that Mr. Trainor has represented various persons, appeared on certain podcasts and has some connection to Joseph "JoJo" Camp (all true based upon publicly available materials and emails sent by Mr. Camp), the post is about the activities of other persons and how the conduct of those persons -- primarily Joseph "JoJo" Camp" -- has affected other persons -- not activities of Plaintiffs. Again, nothing remotely libelous, defamatory or slanderous as to Plaintiff in this post and nothing connected to New Jersey.

### LEGAL ARGUMENT

### POINT I

### THE ALLEGATIONS OF THE AMENDED COMPLAINT STILL DO NOT STATE A VIABLE CLAIM FOR LIBEL, DEFAMATION OR SLANDER

As set forth above, a detailed review of the posts identified in the Amended Complaint as forming the basis for Plaintiffs' claims of Libel *per se*, (Count One), Defamation *per se*, (Count Two) and Slander *per se*, (Count Three), demonstrates that there is **NOTHING** remotely libelous, defamatory or slanderous in the allegedly offending posts. Moreover, it is utterly improper and disingenuous for Mr. Trainor to essentially "re-write" what is actually set forth in

10

each of the allegedly offending posts to try and "shoehorn" what was actually set forth in the posts into viable claims for libel, defamation and/or slander. As set forth in detail above, the posts either do not say what Plaintiffs allege in the Amended Complaint and/or are simply not libelous, defamatory or slanderous.

Under New Jersey law, the elements of defamation are: "(1) that defendants made a false and defamatory statement concerning [plaintiff]; (2) that the statement was communicated to another person (and not privileged); and (3) that defendants acted negligently or with actual malice." *G.D. v. Kenny*, 15 A.3d 300, 310 (N.J. 2011). As demonstrated in Defendant's moving papers and above, Plaintiffs' Complaint fails to sufficiently plead a claim of defamation because (1) the Amended Complaint does not identify with required specificity the allegedly defamatory statements that were purportedly published to social media and (2) mischaracterizes the actual statements published to social media that are referenced in the Amended Complaint which statements are not even remotely libelous, defamatory and/or slanderous.

Finally, the bulk of the allegedly offending posts relate to filings, statements and actions of the parties, Mr. McGibney and Mr. Trainor and his Firm in the Florida Action. In this regard, the litigation privilege protects statements made by persons in connection with litigation that are related to those proceedings. *See Hawkins v. Harris*, 141 N.J. 207, 215 (1995). Applied here, the bulk of the statements made by Mr. McGibney were all made in connection with the Florida Action dealing with issues raised in the Florida Action. Accordingly, all of those statements are absolutely privileged as a matter of law. The fact that Plaintiffs here disagree with statements made by Mr. McGibney and others in connection with the Florida Action regarding facts, representations and legal arguments made in the Florida Action does not affect the absolute privilege which attaches to such statements. Were it otherwise, libel, defamation and slander

11

actions would be a necessary part of every single lawsuit filed anywhere whenever there were disagreements as to underlying facts, representations and the law. In short, the basis for Plaintiffs' claims here are beyond frivolous such that there is a serious question as to the real motives of Plaintiffs in commencing and maintaining this action against Mr. McGibney.

## POINT II

### THE COURT DOES NOT HAVE PERSONAL JURISDICTION OVER ANY OF THE MCGIBNEY PARTIES

There is no dispute that there is no general jurisdiction over Defendant in the State of New Jersey such that Plaintiffs must prove there is specific jurisdiction. Again, the test for specific jurisdiction examines the nature of a defendant's contacts with the forum. "[T]he minimum contacts inquiry must focus on 'the relationship among the defendant, the forum, and the litigation.' " *Lebel v. Everglades Marina, Inc.,* 115 N.J. 317, 323 (1989) (quoting *Shaffer v. Heitner,* 433 U.S. 186, 204, 97 S. Ct. 2569 2579, 53 L. Ed. 2d 683, 698 (1977)). "[W]hen the defendant is not present in the forum state, it is essential that there be some act **by which the defendant purposefully** avails [itself] of the privilege of conducting activities within the forum state, thus invoking the benefit and protection of its laws."

In the prior ruling of the Court (Document No. 20), the Court applied the "effects test" a set forth in *Calder v Jones*, 465 U.S. 783 (1981) noting that on the face of the original Complaint, it appeared that Plaintiffs satisfied the second and third-elements of the "effects test" but did not provide the Court with sufficient information to find that the first element (commission of an intentional tort) was satisfied. Hence, the Cout did not rule on the jurisdictional issue. *See* Document 20 at pages 5-6. As set forth above, the identification of the allegedly offending posts in the Amended Complaint should allow the Court to rule on the

12

jurisdictional issue by finding that **NONE** of the three elements of the "effects teste" have been satisfied.

Specifically, as clarified by the Supreme Court in *Walden v. Fiore*, 134 S. Ct 1115 (2014), in applying the "effects test", the relationship of the defendant with the forum state "must arise our contacts that the 'defendant *himself*'' creates with the forum state". *Id.* at 1122. "**The unilateral activity of another party or a third person is not an appropriate consideration** when determining whether a defendant has sufficient contacts with the forum state to justify and assertion of jurisdiction". *Id.* (emphasis added). In short, the fact that Plaintiffs are located in New Jersey and may feel the effect of an alleged intentional tort in New Jersey is irrelevant. Second, the focus of the minimum contacts "analysis looks to the defendant's contacts with the forum State itself, not the defendants contacts with persons who reside there", i.e., the plaintiff cannot be the only link between the defendant and the forum. *Id.* Moreover, "a defendant's relationship with a plaintiff or a third party, standing alone, is an insufficient basis for jurisdiction" and " 'random, fortuitous, or attenuated' contacts [a defendant] makes by interacting with other persons affiliated with the State" are not sufficient. *Id.* at 1123 (*citing Burger King Corp, v, Rudzewicz*, 471 U.S. 462, 475 (1985). With respect to *Calder*, it was the reputation-based effects of the alleged libel in a magazine with a targeted circulation in the forum of roughly 600,000, i.e., the focus was on the significant purposeful injection of the defendant into the forum and the relationship among the defendant, the forum and the litigation. *Walden*, supra, 134 S. Ct. at 1123-1124.

Applied here, the fact that Plaintiffs and third parties allegedly contacted by Defendant happen to be in New Jersey is irrelevant **regardless** of Plaintiffs allegedly feeling the effects of any alleged libel, defamation and/or slander in New Jersey. In addition, the attenuated contact

13

Mr. McGibney may have had with Plaintiffs or third parties (law enforcement authorities and the bar association in New Jersey) is not enough. Finally, the mere posting of statements on a website housed outside of New Jersey does not amount to an extensive circulation as was the case in *Calder*. In sum, based upon the posts identified by Plaintiff, neither the second element (Plaintiff feeling the brunt of the alleged harm in New Jersey) nor third element (Defendant expressly aiming his conduct at New Jersey) are satisfied. As set forth above, at best, the actions of Mr. McGibney were aimed at Florida and the brunt of any harm allegedly felt by Plaintiffs was in connection with the Florida Action where Mr. Trainor and his Firm chose to go.

As to the first element, as set forth in Defendant's moving papers and Point I, *infra*, Plaintiffs have not even adequately pled the existence of an intentional tort committed by Defendant. In fact, the posts referenced in the Amended Complaint conclusively establish that there has been no libel, defamation or slander as to Plaintiffs and that there is no connection to New Jersey.

In sum, Defendant has done nothing to connect himself to the State of New Jersey in any way. Hardly circumstances under which specific jurisdiction exists. Accordingly, those who live or operate primarily outside the jurisdiction of a Court (such as the Defendant here) have a due process right not to be subjected to judgment in such Courts as a general matter.

## CONCLUSION

For the reasons set forth in Defendant's moving papers and above, the Court should dismiss the entirety of Plaintiffs' Amended Complaint with prejudice on the merits and for lack of personal jurisdiction.

Respectfully submitted,

**CUTOLO BARROS LLC**
*Attorneys for Defendant James McGibney a/k/a Instagram Account @ bullyville and X Account @realbullyville*

By:   *s/Gregg S. Sodini*
        GREGG S. SODINI

Dated: July 28, 2025