THE LAW OFFICE OF PATRICK TRAINOR, ESQ., LLC
19 Union Avenue, Suite 201 | Rutherford, New Jersey 07070
P: (201) 777-3327 | eFax: (201) 896-7815 | help@ptesq.com

April  9  , 2026

Hon. Michael A. Hammer, U.S.M.J.
Martin Luther King Building
& United States Courthouse
50 Walnut Street
Newark, New Jersey 07102

> Re:   *Trainor v. McGibney*
>        Civil Case No.: 2:24-cv-08873
>        Joint Notice of Discovery Dispute

Dear Judge Hammer,

Pursuant to the Amended Scheduling Order dated March 3, 2026, [ECF No. 36] plaintiffs Patrick Trainor and Law Office of Patrick Trainor, Esq., LLC, (hereinafter collectively "Plaintiff") and defendant James McGibney ("Defendant") submit this letter as their joint notice of discovery dispute concerning Defendant's responses to Plaintiff's Interrogatories and First Request for Production of Documents ("RFP").

## NEUTRAL STATEMENT

Plaintiff served Defendant eighteen (18) Interrogatories and twenty-eight (28) RFPs that seek documents, communications, and electronically stored information ("ESI") related to statements Defendant published to social media about Plaintiff.  Plaintiff believes Defendant's written responses to Interrogatories and RFPs and document production are deficient.  Defendant believes Plaintiff's RFPs are irrelevant and that his production is sufficient.

## PLAINTIFF'S POSITION

Defendant published defamatory pro se statements about Plaintiff to his social media accounts @*bullyville* at Instagram, and @*realbulluyville at X.com*, and maybe others, and served RFPs and Interrogatories related thereto.  Defendant's written responses to Interrogatories and

RFPs are deficient and his objections waived, because he interposed objections with responses. In addition, Defendant produced 150 pages of black and white documents Bates numbered MCG1-150 that appear to be screen prints of forty-eight (48) defamatory *per se* statements about Plaintiff that Defendant published to *Instagram.com/bullyville*.  However, Defendant did not produce the defamatory per statements he published to X.com/realbullyville or other social media, nor produce as normally kept.  If produced as they are kept in the normal course of business, prints of Defendant's social media posts would be in color, however, Defendant produced poor quality black and white prints.

1.  **Defendant's RFPs Seek Relevant Documents and ESI**

Plaintiff's RFPs are limited in scope and time and seek documents, information, and ESI that are highly relevant to his claims.  RFP 1 and 2 requested a download of his data for Defendant's social media *Instagram.com/bullyville* and *X.com/realbullyville*.  RFPs 3, 5, and 7 seek Defendant's emails, text messages, and social medial direct messages with two other persons, where he discussed Plaintiff; RFPs 4, 6, 8, 14-17, seek same where the subject was a company called We Serve NJ, LLC, and the letter Defendant arranged for We Serve NJ, LLC, to serve Plaintiff on January 16, 2024; RFP's 9-12 seek information related to Defendant's "sock puppet" (anonymous) social media accounts; RFPs 18-19 seek information about cases where Defendant is a cooperating witness for the FBI as he has publicly disclosed to confirm Defendant is not attempting to leverage defamatory statements about Plaintiff to benefit his agreement with the FBI; RFPs 20-21 seek information related to Defendant's claims that he will get Plaintiff disbarred, and information he possesses that identifies the "numerous white supremacists" organization he alleged Plaintiff has "deep ties;" RFPs 22-25 seek emails and messages he sent to the FBI, N.J. Attorney General, U.S. Marshal, and State Bar Association as he has claimed in

his social media posts, and RFPs 26-28 requested communications and documents concerning a Defendant's declaration where he accused Plaintiff of committing fraud upon the court and conspiring with a third party to threaten and harass We Serve NJ, LLC.

**2.      Defendant Asserted Improper Boilerplate Objections**

To every RFP, Defendant asserted improper boilerplate objections, *e.g.*, *'overly broad,' 'unduly burdensome,' and/or 'not reasonably calculated to lead to discovery of admissible information,'* and the request was *'an unwarranted intrusion into the privacy of Defendant.'* Defendant further objected to RFPs 3-19, and 22-28 on the grounds they "seek disclosure of privileged information/communications protected from disclosure under *Rules 501* and *502* of the *Federal Rules of Evidence* and other applicable law," however, Defendant did not explain why general privilege under Fed. R. Evid. 501 applied, and how 502 applied to an RFP that did not implicate an attorney-client relationship.

Defendant asserted boilerplate objections *'overly broad,' 'unduly burdensome,' and/or 'not reasonably calculated to lead to discovery of admissible information,'* and that the request was *'an unwarranted intrusion into the privacy of Defendant'* to Interrogatories 1-2, 5, 8, 11-16, and 18, and to Interrogatories 3-6, 8, 11-12, and 14-16 Defendant asserted "seek[s] disclosure of privileged information/communications protected from disclosure under *Rules 501* and *502* of the *Federal Rules of Evidence* and other applicable law," without further explanation.

**3.  Defendant Waived His Objections to RFPs and Interrogatories By Interposing an Objection with a Response**

Defendant objected to every RFP with boilerplate objections, however, these are waived, because in addition to the objection, Defendant also asserted "[w]ithout waiving any objections and subject thereto…" and then provided a response.

Similarly, Defendant waived his objections to all Interrogatories except for 7, 9, 10-11, and 17, because in addition to the objection, Defendant asserted "[w]ithout waiving any objections and subject thereto…" and then a response.  Defendant's response to Interrogatory 17 that asked him to identify the "numerous white supremacists" organizations he alleges Plaintiff has deep connections to is improper, because Defendant identified a client Plaintiff who was the victim of employment discrimination, and other clients who were victims of harassment and threats, and none were convicted of being White supremacists.

**4.   Defendant Did Not Provide an Individual Response to RFP or Interrogatory**

Defendant did not respond to each individual RFP, rather, Defendant combined RFPs 1-2, 3-12, 14 through 16, 18-19, 20-21, 22-25, and 26-28 provided one response for each group, which is improper.  *Rule 34* requires each RFP to be responded to with specificity.  Defendant provided a single response to Interrogatories 14-16 related to his alleged FBI cooperation.

## DEFENDANT'S POSITION

As set forth in the Amended Complaint filed by Plaintiffs in this matter (ECF Document No. 22), this case is about a series of statements in part about Plaintiffs posted by Defendant to various social media accounts during the period from sometime in 2023 through September 2024 which Plaintiffs claim are *per se* libelous, defamatory and/or slanderous.  Defendant has produced true copies of all of the statements made which have been numbered MCG 1 through MC 150 (the "Statements").

The Statements are all that are relevant to the case.  As Plaintiffs themselves have certified to in their own responses to Defendant's discovery demands seeking facts and materials as to damages allegedly suffered by Plaintiffs: "[Plaintiffs] are not required to prove damages, the jury will determine damages, therefore, it seeks irrelevant and speculative information".   In

short, all that is pertinent to this case are the Statements themselves and whether the Statements are libelous, defamatory and/or slanderous *per se.*

Plaintiffs discovery demands go wildly far afield from this;  Specifically, they seek (1) usernames, account identification numbers, email addresses, telephone numbers and access information  for social media accounts utilized by Defendant where no posts were made about Plaintiffs, (2) communication information and communications of Defendant with third parties connected to legal proceedings pending in Florida in which Plaintiffs are involved which are not related to the Statements, (3) information about the production company producing a docuseries involving Defendant, (4) all civil actions in which Defendant has been involved since January 1, 2018, (5) a "computer hacking group" who Plaintiffs claim supplied Defendant with information since January 1, 2015 and (6) government agencies and persons with whom Defendant has interacted as a cooperating witness and communications of Defendant with such persons.

Beyond the fact that **<u>NONE</u>** of this information is remotely relevant to the claims asserted in this action, some of it is privileged information under applicable law.   In sum, it appears that Plaintiffs are less concerned with the Statements and more concerned with using this case as a vehicle to go on a "fishing expedition" into Defendant's personal and business affairs. Accordingly, Defendant submits that the most appropriate way to proceed is for Plaintiffs to file a motion delineating precisely what they seek and why what they seek is relevant to this matter to which Defendant can respond in an orderly fashion.

Respectfully Submitted,


s/ Patrick Trainor

_____
Patrick Trainor, Esq.
*Attorney for Plaintiff*

s/ Gregg Sodini

_____
Gregg Sodini, Esq.
Attorney for Defendant