UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

PATRICK TRAINOR, and
LAW OFFICE OF PATRICK
TRAINOR, ESQ., LLC,

      **Plaintiffs,**

    **v.**

**JAMES MCGIBNEY,**

      **Defendant.**

Civil Action No. 24-8873 (CCC) (MAH)

**ORDER**

This matter having come before the Court by way of the parties' April 27, 2026 joint letter outlining discovery disputes related to Plaintiff's[1] Requests for Production ("RFPs") and Defendant's responses, [D.E. 40];

and the Court having considered the parties' submissions, the record, and applicable law;

and for the reasons set forth on the record on June 26, 2026,[2]

**IT IS** on this 26th day of June, 2016,

**ORDERED** that regarding Plaintiff's RFPs 1 and 2, Defendant shall provide the requested data, limited to the specific posts set forth in the Amended Complaint; and it is further

**ORDERED** that Plaintiff's RFPs 3, 5, and 7, regarding Defendant's emails, text messages, and social media direct messages to two other individuals, are **stricken;** and it is further

---

[1]  For clarity purposes, although Mr. Trainor and his law firm are both Plaintiffs in this case, the Undersigned refers to them collective as "Plaintiff" in this Order.

[2]  A copy of this transcript may be obtained from King Transcription Services (973) 237-6080.

**ORDERED** that as to Plaintiff's RFPs 4, 6, 8, and 14-17, Defendant shall produce the emails, text messages, social media direct messages and any other communications between Defendant and We Serve NJ LLC, that discuss or otherwise concern to the January 16, 2024 interaction between Plaintiff and We Serve NJ LLC; and it is further

**ORDERED** that Plaintiff's request to require Defendant to produce the documents and materials sought in RFPs 9-12, regarding Defendant's "sock puppet" social media accounts, is **denied** without prejudice to Plaintiff's right to renew the request following the production of data in response to RFPs 1-2, above; further, any subsequent application by Plaintiff must explain the relationship between Defendant and the "sock puppet" accounts, and the relationship between those "sock puppet" accounts and the defamatory statements alleged in the Amended Complaint; and it is further

**ORDERED** that Plaintiff's RFPs 18 and 19, regarding cases in which Defendant is a cooperating witness for the FBI, are **stricken**; and it is further

**ORDERED** that to the extent Plaintiff's RFPs 20-21 seek information concerning the basis for Defendant's claims of getting Plaintiff disbarred and Plaintiff's alleged white supremacist ties, Defendant's objections are **overruled** and Defendant shall provide the responsive information; and it is further

**ORDERED** that Defendant shall produce any emails or messages sent to the FBI, N.J. Attorney General, U.S. Marshal, and State Bar Association, as Defendant claimed he sent on social media and as requested in RFPs 22-25; and it is further

**ORDERED** that to the extent Plaintiff's RFPs 26-28 seek information concerning the basis for Defendant's statements that Plaintiff committed fraud upon a court and conspired with

third parties to harass or threaten We Serve NJ LLC, Defendant's objections are **overruled** and

Defendant shall provide the responsive information; and it is further

  **ORDERED** that there will be a telephone conference on **September 29, 2026 at 12:00**

**p.m.**  The Court will provide dial-in access information before the call.


           */s Michael A. Hammer*
           **United States Magistrate Judge**