CUTOLO CB BARROS LLC

ATTORNEYS AT LAW

NORTH JERSEY
One Gateway Center, Suite 2600
Newark, New Jersey 07102
(973) 285-3048

CENTRAL JERSEY
46 - 50 Throckmorton Street
Freehold, New Jersey 07728
(732) 414-1170 phone
(732) 414-1167 fax
www.cutolobarros.com

SOUTH JERSEY
923 Haddonfield Road, Suite 300
Cherry Hill, New Jersey 08002
(856) 324-8237

**REPLY TO FREEHOLD**

September 9, 2026

**VIA ELECTRONIC FILING**
Hon. Michael A. Hammer, U.S.M.J.
Martin Luther King Building
& United States Courthouse
50 Walnut Street
Newark, New Jersey 07102

**Re: Patrick Trainor, et al v. James McGibney**
**Case No. 2:24-cv-8873 (CCC)(MAH)**

Dear Judge Hammer:

Pursuant to the Amended Scheduling Order dated March 3, 2026, [ECF No. 36] plaintiffs Patrick Trainor and Law Office of Patrick Trainor, Esq., LLC, (hereinafter collectively "Plaintiff") and defendant James McGibney ("Defendant") submit this joint status report and request for conference with Your Honor to address the parties' dispute concerning a subpoena issued by Plaintiff to Defendant's employer in California, a true copy of which is attached hereto as Exhibit A (the "Subpoena")..

## PROCEDURAL STATUS

As more fully described below, we objected to the Subpoena and attempted to work out an interim compromise with Plaintiff. These efforts were not successful, and we thereafter instructed the employer of Mr. McGibney to hold off on producing any of the information and materials demanded in the Subpoena pending application and ruling by the Court. Following are the respective positions of the parties and we jointly request a conference with Your Honor to address their dispute.

**PLAINTIFF'S POSITION**

Verification of Defendant's employment is a routine, non-controversial request that Defendant has improperly obstructed. On August 18, 2026, prior to attempting service of a subpoena duces tecum, Plaintiff's counsel sent Defendant's counsel the subpoena duces tecum with exhibit that consisted of a Request for Verification of Employment that was being sent for service upon the principal place of business for Defendant's employer, Rosendin Electric, Inc. ("Rosendin"), 880 Mabury Rd., San Jose, CA 95133, which address is listed on Rosendin's website as its "corporate HQ" (https://www.rosendin.com/contact/). Rosendin, is an electrical engineering firm, whose work encompasses clients in numerous sensitive fields, such as biotech, data centers, healthcare, and energy.

At some point after the subpoena was served on his counsel, Defendant instructed his employer to refuse service of the subpoena. On August 24, 2026, a process server attempted service at Rosendin's principal place of business, but they refused service and told the process server to serve the subpoena at 2777 Orchard Parkway, San Jose, CA. A copy of the process server's verification of no-service is attached as **Exhibit B**. The address 2777 Orchard Parkway, San Jose, CA is an office building with a company named Calix appearing as the only tenant. No public connections between Rosendin and Calix were found.

On August 24, 2026, Plaintiff's counsel called Rosendin's principal place of business at (408) 286-2800, which is the phone number it lists on its website and followed prompts 2, 1, and 2, to obtain Defendant's verification of employment. The message at these prompts instructs that all verifications of employment must be faxed to (408) 793-5019. On August 25, 2026, Plaintiff's counsel faxed the Request for Verification of Employment and subpoena to the above fax number.

In his social media statements Defendant has described that he works in IT network security or similar position. Defendant is also the former operator of notorious websites, such as defunct and apparent revenge porn website, www.cheaterville.com, and bullyville.com, which is a doxing website. In September 2025, Defendant was featured in pilot for a docuseries on the A&E network titled "Bully Hunter" where he portrayed himself as an online savior.

From the notoriety Defendant gained by operating sites like *Cheaterville*, and his docuseries pilot, bearing in mind that Defendant publishes defamatory *per se* statements about Plaintiff, at all hours of the day, including, what is considered first, second, and third work shifts, verification of Defendant's employment will assist in determining the networks Defendant has accessed and utilized to publish his defamatory per se statements.

**DEFENDANT'S POSITION**

Defendant denies any alleged obstruction. I had surgery on August 17, 2026 and did not return to the office until August 20, 2026. I first mentioned the Subpoena to Mr. McGibney on August 25, 2026 and did not provide Mr. McGibney with a copy of the Subpoena until August 26, 2026. Accordingly, Mr. McGibney had no communications with Rosendin until August 25,

2026 such that no alleged "obsruction" on August 24, 2026 could have taken place as alleged by Plaintiff.

As to the last twe paragraphs of Plaintiff's Position, Defendant denies any wrongdoing as alleged and these allegations are nonetheless irrelevant to the issues at hand, i.e., the propriety of the Subpoena.

Substantively, the Subpoena seeks the date Mr. McGibney was first employed by Rosendin, his work address, his present position and his current gross base pay. Putting aside potential jurisdictional issues, service would seem improper under Rule 45 of the Federal Rules of Civil Procedure which requires personal service. Putting these procedural infirmities aside, Defendant's position is that the Subpoena is completely improper insofar as the information sought is utterly irrelevant to the allegations of alleged defamation in the underlying case.

That said, even though the information sought by way of the Subpoena is irrelevant to the matters in dispute in the underlying litigation and without prejudice to Plaintiff's rights if and when he ever obtains a judgment in this matter, we offered an interim compromise of confirming the dates of the employment of Mr. McGibney by Rosendin as well as his position at Rosendin but objecting to providing any information as to Mr. McGibney's compensation absent a Court Order. Plaintiff advised that he would not agree to this proposed resolution and insists that relevancy is not a proper objection and discovery is somehow unlimited regardless of the nature of the case. We disagree with that position as the Subpoena power is not an unlimited license to probe into the private affairs of a litigant which have nothing to do with the underlying litigation.

Thank You for Your time and attention to this matter. We await Your Honor's advice.

Respectfully Submitted,

s/Gregg S. Sodini
Gregg S. Sodini, Esq.

s/Patrick Trainor
Patrick Trainor, Esq.

Attachments

# EXHIBIT A

# FAX COVER SHEET

**To:** 14087935019

**From:** "Law Office of Patrick Trainor, Esq., LLC" <help@PTESQ.COM>

**Phone:** (201) 777-3327

**Date:** 08/25/2026 08:08

**Fax Number:** (201) 896-7815

**Pages (Including cover):** 8

**Re:** Request for Verification of Employment

**Notes:**

This electronic transmission – including any attachments – contains attorney privileged and confidential information intended for the sole use of the recipient (s) named. Any unauthorized review, use, dissemination, disclosure, distribution or copying of this transmission by any other person is strictly prohibited. If you are not an intended recipient or if you have received this communication in error, please notify us by telephone (201-777-3327).

This firm is a debt collector and may be attempting to collect a debt. Any information obtained from you will be used for that purpose. If you are currently protected by the filing of a petition in bankruptcy, the email, including attachments, if any, is for informational purposes only and should not be considered as an attempt to collect a debt.

THE LAW OFFICE OF PATRICK TRAINOR, ESQ., LLC
19 Union Avenue, Suite 201 | Rutherford, New Jersey 07070
P: (201) 777-3327 | F: (201) 896-7815 | help@ptesq.com

August 25, 2026

**<u>Via Fax: (408) 793-5019</u>**
Rosendin Electric
2777 Orchard Parkway
San Jose, CA 95131

Re: **Request for Verification of Employment for James McGibney**
Trainor v. McGibney
Civil Case No.: 2:24-cv-08873 (D.N.J. Aug. 30, 2024)

To whom it may concern:

Enclosed herein is a Request for Verification of Employment for employee James McGibney. The Request for Verification of Employment is submitted via fax pursuant to the instructions announced on the voicemail message for phone number (408) 286-2800, prompt 2, sub-prompt 1, sub-sub-prompt 2.

On August 24, 2026, at 3:31 p.m., an attempt to serve a Subpoena Duces Tecum for the Request for Verification of Employment was attempted at your office located at 880 Mabury Road, San Jose, CA 95133, but your staff rejected service and directed the process server to serve the Subpoena Duces Tecum at your office located at 2777 Orchard Parkway, San Jose, CA 95131. A copy of a Subpoena Duces Tecum is enclosed. We will attempt to serve the Subpoena Duces Tecum at 2777 Orchard Parkway, San Jose, CA 95131.

Kindly complete the Request for Verification of Employment and return to this office, either by fax number (201) 896-7815 or by mail at 19 Union Avenue, Suite 201, Rutherford, New Jersey 07070.

If any additional information is needed, I can be reached at (201) 777-3327.

Sincerely,

Patrick Trainor, Esq.

# Request for Verification of Employment

| | |
|---|---|
| To: Rosendin Electric Inc.<br>1033 Meister Lane, Ste. 100<br>Pflugerville, TX 78660<br>c/o Rosendin Electric Inc. (HQ)<br>880 Mabury Road<br>San Jose, CA 95133 | From: Law Office of Patrick Trainor<br>19 Union Avenue, Ste. 201<br>Rutherford, New Jersey 07070<br>P: (201) 777-3327<br>F: (201) 896-7815<br>E: pt@ptesq.com |
| **Name of Employee for Whom Verification of Employment is Requested**: | James McGibney |
| **Employee's Work Address**: | |

| First Date of Employment | Present Position |
|---|---|
| | |

**Current Gross Base Pay (Enter Amount and Check Period):**

$__________

☐ Annual
☐ Monthly
☐ Weekly

______________________________
**Employer's Verifying Representative's Name (Please Print)**

______________________________
**Job Title**

______________________________
**Address, City, State, Zip**

______________________________
**Phone Number**

______________________________
**Signature**

______________________________
**Date**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of New Jersey

| | | |
|---|---|---|
| PATRICK TRAINOR, et al., | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 2:24-cv-08873 |
| JAMES McGIBNEY | ) | |
| | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: ROSENDIN ELECTRIC, INC., (HQ), 880 MABURY ROAD, SAN JOSE CA 95133

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Please complete the enclosed employment and income verification letter for James McGibney included in the attached Exhibit A and return the completed employment and income verification letter to email address pt@ptesq.com or to the physical address listed below.

| Place: | Date and Time: |
|---|---|
| Law Office of Patrick Trainor, Esq., LLC<br>19 Union Avenue, Suite 201<br>Rutherford, New Jersey 07070 | 09/08/2026 9:00 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/18/2026

*CLERK OF COURT* OR [signature]

*Signature of Clerk or Deputy Clerk* *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* For the Plaintiff Patrick Trainor, The Law Office Patrick Trainor, Esq., LLC, 19 Union , who issues or requests this subpoena, are: Avenue, Suite 201, Rutherford, NJ 07070, P: (201) 777-3327; F: (201) 896-7815; E: pt@ptesq.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 2:24-cv-08873

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ____________________
on *(date)* ____________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ____________________
____________________________________________________________
______________________________ on *(date)* ____________ ; or

❒ I returned the subpoena unexecuted because: ____________________
____________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ ____________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________ ______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

# Request for Verification of Employment

| | |
|---|---|
| To: Rosendin Electric Inc.<br>1033 Meister Lane, Ste. 100<br>Pflugerville, TX 78660<br>c/o Rosendin Electric Inc. (HQ)<br>880 Mabury Road<br>San Jose, CA 95133 | From: Law Office of Patrick Trainor<br>19 Union Avenue, Ste. 201<br>Rutherford, New Jersey 07070<br>P: (201) 777-3327<br>F: (201) 896-7815<br>E: pt@ptesq.com |
| **Name of Employee for Whom Verification of Employment is Requested**: | James McGibney |
| **Employee's Work Address**: | |

| **First Date of Employment** | **Present Position** |
|---|---|
| | |

**Current Gross Base Pay (Enter Amount and Check Period):**

$__________

☐Annual
☐Monthly
☐Weekly

______________________________ ______________________________

**Employer's Verifying Representative's Name (Please Print)** **Job Title**

______________________________ ______________________________

**Address, City, State, Zip** **Phone Number**

______________________________ ______________________________

**Signature** **Date**

# Exhibit B

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. **2:24-cv-08873**

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for **Rosendin Electric, Inc.**
on **8/20/2026:**

☐ I served the subpoena by delivering a copy to the named person as follows: *(name of individual)* , who is designated by law to accept service of process on behalf of *(name of organization)*; or

☒ I returned the summons unexecuted because **Other contact** after attempting service at **880 Mabury Rd, San Jose, CA 95133-1021**

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

**$ 0.00**

My fees are **$ 0.00** for travel and **$ 80.00** for services, for a total of **$ 80.00**.

I declare under penalty of perjury that this information is true.

Date: 08/26/2026

*Server's signature*

**Francisco Gonzalez Diaz**
*Printed name and title*

**44 Floyd Street,**
**San Jose, CA 95110-3401**

*Server's address*

Additional information regarding attempted service, etc:

**8/24/2026 3:25 PM: I spoke with an individual who identified themselves as the employee.**

**Service Log — Monday, August 24, 2026 at 3:31 PM**
**I attempted service at 880 Mabury Road in San Jose, California. A woman coming out of the main entrance refused service and pointed me next door to 875, stating that is where all mail and documents are processed.**
**I went next door to 875 Mabury Road. An overweight man in his late 30s refused service to me, stated he would not accept it, and slammed the door in my face.**
**I then contacted the company via phone. The woman I spoke with was very nice, apologized for my experience, and confirmed that these addresses do not actually accept service of process. She stated that service of process must be done at 2777 Orchard Parkway in San Jose, California, which is about half an hour away.**

Tracking #: 0238963738