THE LAW OFFICE OF PATRICK TRAINOR, ESQ., LLC
19 Union Avenue, Suite 201 | Rutherford, New Jersey 07070
P: (201) 777-3327 | F: (201) 896-7815 | help@ptesq.com

September 28, 2026

**VIA ELECTRONIC FILING**
Hon. Alex D. Silagi, U.S.M.J.
Martin Luther King Building & United States Courthouse
50 Walnut Street
Newark, New Jersey 07102

Re: *Trainor v. McGibney, et al.*,
Case No.: 24-cv-08873
Plaintiff's Opposition to Defendant's Proposal

Dear Magistrate Silagi,

Defendant's proposal is unacceptable for numerous reasons. First, Defendant has already interfered with a valid *subpoena duces tecum* when he instructed his employer to not only refuse service, but to send the process server to an unrelated address for service (*See* Plaintiff's Exhibit B [ECF No. 44]). Second, Defendant exposed his willingness to ignore court orders or distort discovery that he produces in response to a Court's order, when he produced discovery in response to the Court's Order dated June 26, 2026. [ECF No. 43].

Whereas, the Court ordered Defendant to produce downloads of the defamatory statements he published about Plaintiff to his social media, and sent to the New Jersey Bar Association, New Jersey Office of Attorney General, FBI, and U.S. Marshal Service, which included the statements that Defendant said were the basis of his "extensive bar complaint against," in addition to the "correspondence via email" that he previously sent to those agencies. *Order* [ECF No. 43]; *See also Amended Complaint*, ¶¶ 21-46 ("Am Compl.") [ECF No. 22]. However, rather than produce the social media messages and emails in his possession, custody, or control, Defendant defamed Plaintiff to a new regulatory agency when he needlessly emailed the New Jersey Office of Attorney Ethics ("OAE") (who is not identified in the Amended

Complaint) to request a copy of his own bar complaint. *See* emails Defendant sent to OAE, which Defendant labeled as *"Exhibit H ("McGibney NJ State Bar Correspondence")"* that are attached hereto as **Exhibit A.** Defendant mislabeled his discovery production as correspondence with the Bar, even though the OAE explicitly told Defendant they were separate agencies.

In his email to the OAE, Defendant contradicted his social media statements that said he filed an extensive bar complaint against Plaintiff, when he told the OAE that Plaintiff falsely said Defendant filed a bar complaint against Plaintiff:

> "My name is James McGibney and I am currently being sued by an attorney in New Jersey who has claimed that I filed a bar complaint against him in New Jersey. This is 100% false."
>
> *See* Exhibit A at page 5 of 5.

In response to the OAE's request, Defendant sent the complaint to the OAE, and the OAE replied:

> "I would further observe the complaint does not allege that a grievance or complaint was filed with the OAE, rather the reference is to the New Jersey State Bar Association, a separate entity from the OAE."
>
> *Id.* at page 2 of 5.

The proposal is nothing more than Defendant's obvious desire to frustrate Plaintiff's ability to conduct discovery. In sum, there are no facts upon which the Court could be assured that Defendant would not continue to interfere with Plaintiff's valid discovery efforts, would not continue to mislabel his discovery production, or that Defendant's proposal would produce truthful responses.

Sincerely,

Patrick Trainor, Esq.