**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PATRICK TRAINOR; LAW OFFICE OF PATRICK TRAINOR, ESQ., LLC,<br>Plaintiffs,<br>v.<br>JAMES MCGIBNEY a/k/a INSTAGRAM ACCOUNT @BULLYVILLE and X ACCOUNT @REALBULLYVILLE,<br>Defendant. | Civil Action No.: 24-8873<br>**OPINION AND ORDER** |

**CECCHI, District Judge.**

Before the Court is defendant James McGibney's ("Defendant") motion for reconsideration (ECF No. 33) of this Court's denial of his motion to dismiss Plaintiffs' first amended complaint ("FAC") for lack of personal jurisdiction. ECF No. 31. Plaintiffs Patrick Trainor, Esq. and the Law Office of Patrick Trainor, Esq., LLC ("Plaintiffs") opposed the motion, ECF No. 34, and Defendant replied. ECF No. 37. The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, Defendant's motion for reconsideration is denied.

**WHEREAS** on January 29, 2026, the Court denied Defendant's motion to dismiss Plaintiffs' first amended complaint. ECF No. 31; *see also* ECF No. 22. As relevant here, the Court concluded that it could exercise specific personal jurisdiction over Defendant under the "effects test," under which courts assess personal jurisdiction with respect to alleged intentional torts. ECF No. 31 at 6–7. The Court found that all three elements of this test were met: (1) Plaintiffs asserted that Defendant committed the intentional tort of defamation; (2) Plaintiffs alleged that they felt the bulk of the harm from this tort in their home state—New Jersey; and (3) Defendant expressly

aimed his conduct at New Jersey by allegedly directing the defamatory statements towards the New Jersey State Bar Association, the New Jersey Office of the Attorney General, and a New Jersey law school. *Id.*; and

**WHEREAS** Defendant now moves for reconsideration of the Court's determination concerning personal jurisdiction. ECF No. 33; and

**WHEREAS** "reconsideration is an extraordinary remedy that should be granted very sparingly." *Malinconico v. Alessio*, No. 21-11550, 2023 WL 5125517, at *2 (D.N.J. Aug. 10, 2023). Such a motion "may not be used to relitigate old matters, raise new arguments, or present evidence or allegations that could have been raised prior to entry of the original order." *Martinez v. Robinson*, No. 18-1493, 2019 WL 4918115, at *1 (D.N.J. Oct. 4, 2019); and

**WHEREAS** the Court will reconsider a prior order only where a different outcome is justified by "(1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct [a] clear error of law or prevent manifest injustice." *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, No. 09-4590, 2010 WL 3257992, at *5 (D.N.J. Aug. 16, 2010) (quoting *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A court commits a clear error of law "only if the record cannot support the findings that led to that ruling." *Id.* at *6 (citation omitted)). "Mere 'disagreement with the Court's decision' does not suffice" to show a clear error of law. *Id.* (quoting *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 353 (D.N.J. 2001)); and

**WHEREAS** Defendant has not identified any intervening change in controlling law nor has he cited newly discovered evidence that was previously unavailable. ECF No. 33-1 at 2–3. Thus, reconsideration is only appropriate if the Court made a clear error of law that must be

corrected or to prevent manifest injustice. *See Tynes v. Pension Benefit Guar. Corp.*, No. 04-2725, 2006 WL 8458226, at *1 (D.N.J. Jan. 26, 2006); and

**WHEREAS** Defendant claims that the Court should not have "accept[ed] and reli[ed] on the bald statements" in the "self-serving[] . . . FAC." ECF No. 33-1 at 2–4. Additionally, he argues that the Court misapplied the "effects test." *Id.* at 4–5. For example, after citing the elements of this test, including that "Plaintiffs felt the brunt of the alleged harm from the intentional tort in New Jersey," Defendant then argues that "the fact that Plaintiffs are located in New Jersey and may feel the effect of an alleged intentional tort in New Jersey is irrelevant." *Id.*; and

**WHEREAS** Defendant has not shown a clear error of law. To the extent that Defendant takes issue with the Court relying on the allegations in what he describes as the "self-serving[]" FAC, "[i]n deciding a motion to dismiss for lack of personal jurisdiction, a court 'must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff.'" *Bright Ideas Funding Grp., LLC v. Magic*, No. 12-1714, 2012 WL 13029764, at *3 (D.N.J. Sept. 4, 2012) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002)). Accordingly, the Court was, in fact, required to accept as true Plaintiffs' allegations at this stage. Defendant's assertion that the FAC did not accurately reflect the purportedly defamatory social media posts therefore does not provide a valid basis for reconsideration; and

**WHEREAS** Defendant has not shown that the Court misapplied the "effects test." He cites *Walden v. Fiore*, 571 U.S. 277 (2014), for the proposition that the defendant's relationship with the forum "must arise out of contacts that the 'defendant himself' creates with the forum state." ECF No. 33-1 at 4 (quoting *Walden*, 571 U.S. at 284). Defendant further argues that "[t]he unilateral activity of another party or a third person" does not determine whether a defendant has sufficient contacts with the forum. *Id.* (quoting *Walden*, 571 U.S. at 284). However, as the Court

explained in its opinion denying Defendant's motion to dismiss, Plaintiffs sufficiently allege that Defendant created the contacts with the forum state—New Jersey—by making defamatory social media posts about a New Jersey resident that he directed towards New Jersey-based entities. *See* ECF No. 31 at 6–7; and

**WHEREAS** Defendant otherwise cites no legal authority to suggest that the Court's application of the "effects test" was in "clear error." Indeed, Defendant does not address the two cases cited in the prior opinion which applied the effects test in factually similar contexts. *See Goldfarb v. Kalodimos*, 539 F. Supp. 3d 435, 454 (E.D. Pa. 2021) (finding specific personal jurisdiction proper in Pennsylvania where the plaintiff alleged that the out-of-state defendant posted defamatory tweets concerning the plaintiffs' professional reputation); *Gorman v. Shpetrik*, No. 20-4759, 2022 WL 717075, at *3 (E.D. Pa. Mar. 10, 2022) (finding that the out-of-state defendant "expressly aimed" his conduct at Pennsylvania by posting an allegedly defamatory tweet about a Pennsylvania resident). And again, "'mere disagreement' with a court's decision does not warrant reconsideration." *Ortiz v. Goya Foods, Inc.*, No. 19-19003, 2020 WL 6363716, at *1 (D.N.J. Oct. 29, 2020) (citation omitted). The Court will therefore deny Defendant's motion.

**ACCORDINGLY, IT IS** on this28th day of September, 2026;

**ORDERED** that Defendant's motion for reconsideration (ECF No. 33) is **DENIED**.

**SO ORDERED.**

*/s/ Claire C. Cecchi*

**CLAIRE C. CECCHI, U.S.D.J.**